IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEVIN JAMES WOODIS, ) <br> ) <br> Defendant. ) | Case No. 24-CR-358-JDR |

**DEFENDANT'S**
**MOTION FOR DOWNWARD VARIANCE**

In accordance with United States Sentencing Guidelines (the "USSG") § 5K2.0(d)(4) and cmt. 5 thereto, Defendant, Woodis, respectfully requests that the Court downwardly vary by as many levels as may be needed to conform with a sentence of 97 months. Defendant hereby incorporates the Defendants' sentencing memorandum filed in the current matter.

**Paragraph 51 of the PSR: Guideline Provisions**: Based upon a total offense level of 34 and a Criminal History Category of I, the advisory guideline imprisonment range of 210 to 240 months. The applicable guideline range is in Zone D of the Sentencing Table; therefore, the minimum term shall be satisfied by a sentence of imprisonment. USSG §5C1.1(f).

3. "The sentencing court may depart from the applicable guideline range if-- (A) in the case of offenses other than child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(1), that there exists . . . [a]

mitigating circumstance . . . of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." USSG § 5K2.0(a)(1)(B). This is not a child crime or a sexual offense.

4. As for these "mitigating circumstances" or "departure factors," they fall into four categories: "forbidden, discouraged, encouraged, and unmentioned." *United States v. Neal*, 249 F.3d 1251, 1256 (10th Cir. 2001). "Forbidden factors include race, sex, national origin, creed, religion, socioeconomic status, **lack of guidance as a youth**, drug or alcohol dependence, and economic hardship." *United States v. Alvarez-Pineda*, 258 F.3d 1230, 1237-38 (10th Cir. 2001). Mr. Zendejas is not seeking any departure based upon a forbidden factor. Accordingly, the analysis is as follows:

> *If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If a factor is unmentioned in the Guidelines, the court must, after considering the "structure and theory of both relevant individual guidelines taken as a whole," decide whether it is sufficient to take the case out of the Guideline's heartland.*
>
> *United States v. Neal*, 249 F.3d 1251, 1256 (10th Cir. 2001).

a. This is the Defendant's first conviction of any type.

b. There is no victim to be made whole.

8.  Further, Mr. Woodis pled guilty, thus not requiring the government to suffer an unnecessary burden by calling multiple witnesses, and expert witness, and exhibits. By accepting responsibility for his actions, Defendant has spared the Government time and money.

9.  Far from prohibited, several courts have found that such a reasoning is an acceptable basis to downwardly depart from the otherwise applicable Guidelines range. *See, e.g.*, *United States v. BP Prod. N. Am. Inc.*, 610 F. Supp. 2d 655, 674 (S.D. Tex. 2009) ("In exercising its discretion [whether to accept or reject a plea agreement], a court should take into account 'the exigencies of plea bargaining from the government's point of view,' including 'limited resources and uncertainty of result.'"); *United States v. Bundy*, 359 F. Supp. 2d 535, 538–39 (W.D. Va. 2005) ("[L]imited resources and uncertainly of result . . . are not specific sentencing goals of § 3553(a). Nevertheless, I find that I am not prohibited from considering these factors, so long as the sentence is otherwise reasonable in light of § 3553(a)."). The Guidelines simply do not adequately encompass all that this case currently entails.

10. Mr. Woodis respectfully request the Court to consider a variance in this case pursuant to 18 U.S.C. §3553(b)(1).

## Conclusion

This case is outside the heartland of cases for many reasons. The unique risks and uncertainties that both parties faced, including the financial and temporal demands on the parties' resources, amply support a sentence of 97

months. As is detailed in the Sentencing memorandum and the PSR, the severe abuse and lack of guidance as a youth is a reasonable reason to vary downward from the estimated guideline range detailed in the PSR.

Respectfully submitted,

/s/ Patrick L. Adams
Patrick Adams, OBA#19302
Adams Law Office PLLC
1308 S 216th W. Ave
Sand Springs, OK 74063
918-587-8700

## CERTIFICATE OF SERVICE

I hereby certify that on December 15th, 2025 I electronically transmitted the foregoing document to:

US Attorneys office
Northern District of Oklahoma
Ashley Robert

/s/ Patrick Adams